# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

JEFFREY HAVARD                                                                                          PETITIONER

VS.                                                                            CIVIL ACTION NO. 5:08CV275KS

CHRISTOPHER EPPS, Commissioner,
Mississippi Department of Corrections
and JIM HOOD, Attorney General, State
of Mississippi                                                                 RESPONDENTS

## ORDER

This matter came before the Court on Petitioner's Motion for Leave to Conduct Discovery and Motion for an Evidentiary Hearing. Jeffrey Havard was convicted of the capital murder of six-month old Chloe Britt, with sexual battery as the underlying offense. By these Motions, he seeks to obtain a videotaped statement given by Rebecca Britt, the victim's mother, and x-rays of the victim. Respondents have essentially conceded these issues, responding that they "will attempt to facilitate" delivery of the videotape, if it exists, and noting that Havard could subpoena the x-rays from the hospital where the victim was treated. Based on the apparent agreement among counsel that the discovery request is appropriate as to these items, as well as the Court's assessment that such discovery is proper, the Motion for Leave to Conduct Discovery will be granted as to these requests.

Havard also requests an evidentiary hearing in which to present testimony from Dr. James Lauridson and Dr. Steven Hayne regarding their assessment of whether the evidence actually indicated that a sexual assault occurred, or, alternatively, for leave to depose these two experts on this subject.[1] On the night of her death, Havard and Rebecca Britt brought her to the emergency

---

[1] Havard lists several other areas in which he requests an evidentiary hearing, but there was no basis given for the requests.

room at Natchez Community Hospital. She was unresponsive on arrival, briefly resusucitated, but ultimately pronounced dead. At trial, several witnesses testified about the injuries to Chloe that they saw in the emergency room, both before and after her death. The sheriff, two nurses, two doctors, and the county's coroner all testified that the condition of Chloe's anus when they saw her was indicative of penetration by a foreign object. The two doctors testified that they saw a tear of her anus. Additionally, these same witnesses testified that Chloe had numerous bruises on her body, including her head, face, and thighs, and that her frenulum, which connects the lip to the upper jaw, was torn, also suggestive of penetration.

Dr. Hayne performed the autopsy on Chloe. He testified at trial that he noticed numerous bruises on her body, consistent with those earlier noticed by the medical personnel who had treated her at the hospital. He also testified that there was a contusion, or bruise, about an inch long on her rectum. Dr. Hayne testified that the bruise "would be consistent with penetration of the rectum with an object . . . ." When cross-examined about the presence of a tear, Dr. Hayne stated, "If I had seen them, I would put down laceration. I did not see it in this case, and I did not exclude it, but I just didn't see it." He also testified that, rigor mortis having set in by the time that he saw Chloe, the rectum would have contracted, making it more difficult to see a tear. With regard to the tear to Chloe's frenulum, Dr. Hayne stated, "It could be [indicative of] insertion of an object in the mouth, pulling of the lip, even pushing down on the upper part of the jaw to produce that."

On appeal, Havard alleged that his trial counsel was ineffective in failing to present a defense to the underlying charge of sexual battery. To support his claim, he presented an affidavit from Dr. James Lauridson, which was not considered by the Mississippi Supreme Court because it was extraneous to the record. The affidavit was, however, considered by the court during its review of

Havard's petition for post-conviction relief. There, the court compared Lauridson's affidavit to the testimony that was presented at trial and determined that the information contained therein did not support Havard's claim that his counsel was ineffective.

Lauridson's affidavit has been presented to this Court in support of Havard's Motions. Dr. Lauridson gives several explanations for the injuries observed by hospital personnel and by Dr. Hayne that are inconsistent with the conclusion that Chloe was sexually abused. Additionally, Dr. Hayne provided an affidavit as the result of his more recent review of his autopsy report, in which he states that neither the anal contusion nor the injuries to Chloe's frenulum conclusively established sexual assault. He concluded that both injuries could result from a variety of causes and neither establishes that a sexual assault occurred. He repeated his finding that there were no tears to her rectum, and the stated that it is not uncommon to find a dilated anal sphincter on one who has died, as well as on persons who are alive, but who have no significant brain function.

Havard argues that he is entitled to additional discovery and an evidentiary hearing on these issues, and some others, on grounds that it will enable him to "flesh out" his claim that his trial counsel was ineffective. Respondents oppose this request, arguing that the record is complete with regard to the evidence of sexual assault that was before the trial court. The Court agrees that a deposition of Dr. Lauridson is unnecessary, as is his testimony at an evidentiary hearing, since his opinion has been presented by Havard since his direct appeal. Since Dr. Lauridson is Havard's witness, there is no need to invoke the authority of this Court to obtain further information from him.

The situation is somewhat different regarding Dr. Hayne, who testified for the State in Havard's trial and whose affidavit was prepared after Havard's post-conviction proceedings. Pursuant to 28 U.S.C. § 2254(e)(2), a petitioner is entitled to an evidentiary hearing when he has

"failed to develop the factual basis of a claim in State court proceedings" **and** the claim relies on either a new rule of law or "a factual predicate that could not have been previously discovered through the exercise of due diligence." Here, it is not clear that Dr. Hayne's affidavit falls into either category. He was available to testify – and did testify – at trial. His affidavit does not refute his trial testimony that a sexual assault could have occurred, based on the evidence. Viewing the affidavit in the light most favorable to Havard, the affidavit appears to amplify, or explain, his trial testimony. For this reason, the Court is of the opinion that Havard has not satisfied the statutory test to justify an evidentiary hearing, at least at this time.

However, where a witness's later statements are inconsistent with the record, and where the substance of those statements could entitle a petitioner to habeas relief, a court may hold an evidentiary hearing to determine the veracity of the later claims. *Richards v. Quarterman*, 566 F.3d 553, 562-63 (5th Cir. 2009). It could be argued that Hayne's affidavit signals a retreat from his trial testimony, taking the likelihood that Chloe Britt was sexually assaulted from a possibility to an unlikely event. Such an change might justify an evidentiary hearing on this subject. Because the affidavit does not explain whether Hayne's current position on this issue is substantially different from his opinion at trial, the Court is of the opinion that Havard is entitled to inquire further as to the affidavit's meaning. For that reason, the Court will permit Havard to take Dr. Hayne's deposition, limited to his opinion on the issue of whether Chloe Britt was sexually assaulted and the change, if any, from his opinion when Havard was tried.

IT IS, THEREFORE, ORDERED that Havard's Motion for an Evidentiary Hearing [36] is hereby **denied** without prejudice to Havard's right to re-urge this motion at a later date.

4

IT IS FURTHER ORDERED that Havard's Motion for Leave to Conduct Discovery [34] is hereby **granted** in part and **denied** in part, as follows:

1. Havard may serve the proposed discovery requests related to the alleged videotaped statement of Rebecca Britt and the x-rays of Chloe Britt. He may take any appropriate action to obtain those items, including issuing subpoenas for them, if their existence is established.

2. Havard's request to depose Dr. James Lauridson is denied.

3. Havard's request to depose Dr. Steven Hayne is granted. That deposition should be limited to the subject matter described above.

IT IS SO ORDERED, this the 10th day of May, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE