**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**JEFFREY HAVARD** **PETITIONER**

**VS.** **CIVIL ACTION NO. 5:08CV275KS**

**CHRISTOPHER EPPS, Commissioner,**
**Mississippi Department of Corrections**
**and JIM HOOD, Attorney General, State**
**of Mississippi** **RESPONDENTS**

# ORDER

This matter came before the Court on Respondents' Motion for Clarification [Doc. #74] and their Motion to Seal [Doc. #77]. The Court earlier allowed Petitioner to amend his Petition for Writ of Habeas Corpus to reflect state court proceedings that have occurred since the original Petition was filed. The basis for Respondents' Motion for Clarification is their contention that the Memorandum that Petitioner submitted in support of his Amended Petition may contain new claims that may go outside the scope of the amendment allowed by the Court. According to Respondents, "the State cannot determine whether (and where) Petitioner made substantive changes to arguments which Petitioner did not move to amend. Therefore, the State cannot identify which issues need responsive pleadings." Respondents did file an Answer to the Amended Petition without objection; it appears that the issue lies with the Memorandum.

The Court has reviewed the Memorandum in detail and compared it to the brief filed in support of the original Petition, and it appears that much of the second brief is merely a recitation of the first. Most of the changes seem to be the result of the proceedings that occurred on Petitioner's return to state court. Based on those proceedings, Petitioner added material to both the facts and the summary of the proceedings in state court. Petitioner also changed his argument on

the standard of review based upon the additional material that was considered in state court, and he added a paragraph to Section V, regarding his entitlement to relief, to reflect the later state court activity. None of these additions to the preliminary sections of the Memorandum substantially changes the legal bases for Havard's arguments on habeas review.

Claim I, alleging ineffectiveness of trial counsel in challenging the underlying offense of sexual battery, has been substantially modified to reflect the additional medical evidence that was presented on Havard's return to state court. Those additions are within the scope of the permitted amendment to the Petition. Claim II, which addresses the prosecutor's closing argument in the guilt phase, is written in virtually the same language as in the original brief. Petitioner has added a citation to a recent Fifth Circuit case, which the Court would have permitted him to do in any event, by way of a supplementation. The other minor changes in verbiage are inconsequential.

In Claim III, Havard contends that improper victim impact testimony was introduced at trial. Other than the inclusion of a Biblical reference, the Court can find no argument that was added to this section. Claim IV is that Havard's counsel failed to properly prepare and present a mitigation case. Havard has added discussions of the Supreme Court cases of *Sears v. Upton* and *Porter v. McCollum*, as well as the Mississippi Supreme Court's opinion in *Davis v. State*, all of which were decided after the initial briefing. Again, the Court would have permitted Havard to supplement his brief to add these discussions. In Claim XI, on juror bias, Petitioner added references to cases from other circuits, none of which would be binding on this Court. Only a minor change was made to the discussion of facts in Claim XIV. Claims XVI through XIX are the new claims that are recognized by Respondents.

In sum, while the Court finds that, with respect to the common claims of the two Memoranda, there has been some alteration, none of that alteration is material enough to justify ordering Havard to submit a new brief. In the interest of justice, however, if Respondents inadvertently fail to respond to a new issue contained in the common arguments, the Court will not entertain a claim of waiver by Havard without giving Respondents an opportunity to submit argument. Likewise, if the Court, *sua sponte*, finds an argument unanswered, Respondents will be given an opportunity to respond. With this *caveat*, the Motion for Clarification will be denied.

The Motion to Seal asks that this Court prohibit any non-party from accessing documents filed in this case. As the Fifth Circuit has held, "[A] court must use caution in exercising its discretion to place records under seal." *United States v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 689 (5th Cir. 2010). Consideration of a motion to seal must take into account the strong presumption that court records are public and weigh that principle against any countervailing interests that would be served by closure. *Id*. at 690-91.

Here, Respondents' concern was apparently triggered by a Facebook post of one of Petitioner's counsel about the Motion for Clarification discussed above. In particular, counsel wrote, "After responding to an asinine motion filed by the State, which not only wants to kill my client but doesn't want to be bothered by actually responding to his claims of innocence, I am heartened by the following words penned by Kris Kristofferson." However ill-advised this post may have been, in terms of the standards of professionalism by which lawyers are encouraged to govern themselves, this statement does not give rise, in the Court's opinion, to a need to seal this record, for three reasons. First, there is no indication that the record of these proceedings in state court is unavailable to the public; second, the state court record was conventionally filed in this Court and

is not available for electronic access; and, finally, information about this case is so widely available through Internet sources that closure of this record will not prevent dissemination of the details of the charges or the identification of the infant victim in this case.  For these reasons, the Motion to Seal will also be denied.

     IT IS, THEREFORE, ORDERED that Respondents' Motion for Clarification [Doc. #74] and their Motion to Seal [Doc. #77]are hereby **denied**.

     IT IS SO ORDERED, this the 30th day of August, 2013.


                                          *s/ Keith Starrett*
                             UNITED STATES DISTRICT JUDGE