IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JEFFREY HAVARD**　　　　　　　　　　　　　　　　　　　　　　　　　**PETITIONER**

**VS.**　　　　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 5:08CV275KS**

**CHRISTOPHER EPPS, Commissioner,**
**Mississippi Department of Corrections**
**and JIM HOOD, Attorney General, State**
**of Mississippi**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**RESPONDENTS**

## ORDER

This matter came before the Court on Petitioner's Motion to Stay and Abate Proceedings Pending State Court Successive Petition, by which he seeks a stay in this Court so that he can seek state court review of his claim that recent scientific evidence might refute expert testimony that was given at his trial. Havard has filed his state court petition, and briefing has been ordered on it. Respondents oppose the Motion, on grounds that the issue is procedurally barred in state court, both as unexhausted and untimely, and would be a successive writ, which is barred by state law.

Citing an earlier Order in another capital habeas case, Respondents note that this Court has denied a motion to stay under similar circumstances. *Underwood v. Epps*, Civil Action No. 3:06cv273DPJ, 2010 WL 148299 (S.D. Miss. Jan. 12, 2010). Respondents are correct in asserting that the Court's denial was based, in large part, on their argument that the unexhausted claim was time barred and could not relate back to the original petition. *See Mayle v. Felix*, 545 U.S. 644, 663-64 (2005). In *Underwood*, however, the Petitioner never filed a rebuttal brief, despite being granted two extensions of time to do so, explaining why his case should be stayed despite Respondents' arguments. Moreover, the denial was without prejudice to Underwood's right to make "a similar request for relief at a later date." In fact, Underwood did so, and his case is currently stayed.

In recent months, the Mississippi Supreme Court has displayed a willingness to re-examine cases by way of successive writs for post-conviction relief, even in cases with habeas claims pending in this Court. *See, e.g., Thong Le v. State*, 2013-DR-327; *Walker v. State*, 2012-DR-102. Should that court decide that a review of Havard's claim is similarly compelled, contemporaneous litigation of Havard's habeas claims in this Court would be inefficient and could potentially lead to inconsistent results. For these reasons, the Court is of the opinion that the Motion to Stay and Abate has merit and should be granted.

IT IS, THEREFORE, ORDERED that Havard's Motion to Stay and Abate Proceedings Pending State Court Successive Petition [85] is hereby **granted**. The Clerk of the Court is directed to remove this case from the Court's active docket. Petitioner should notify the Court within thirty days of a final adjudication of his request to file a successive petition.

IT IS SO ORDERED, this the 22nd day of ~~April,~~ May 2014.

_____
UNITED STATES DISTRICT JUDGE