# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JEFFREY HAVARD**                                                                           **PETITIONER**

**VS.**                                                                        **CIVIL ACTION NO. 5:08cv275-KS**

**BURL CAIN, Commissioner, Mississippi**
**Department of Corrections and LYNN FITCH,**
**Attorney General of the State Mississippi**                                                **RESPONDENTS**

## SCHEDULING ORDER

This matter came before the Court on the Joint Motion Requesting Scheduling Order [Doc. #100]. Six-month-old Chloe Britt died in 2002, and Jeffrey Havard was accused of her murder. Havard was convicted of capital murder and sentenced to death by a jury in Adams County. His case came before this Court on a Petition for Writ of Habeas Corps, filed after the Mississippi Supreme Court affirmed his conviction and sentence and denied his petition for post-conviction relief. His case was stayed twice in this Court to permit Havard to return to state court to file successive petitions for post-conviction relief.

The Mississippi Supreme Court Court granted Havard's third petition for post-conviction relief and allowed him to proceed in the trial court based on a claim of newly discovered evidence. Havard's case was returned to the trial court, but, after an evidentiary hearing, the trial judge determined that Havard failed to prove that new evidence existed that would have caused a different result as to his guilt or innocence. Despite that ruling, the trial judge did vacate Havard's death sentence and resentenced him to life without parole. Havard's appeal of that ruling was denied, and he has returned to this Court to continue his claim that he is entitled to habeas relief.

The parties have agreed on a scheduling order, and the Court finds that it is reasonable, given the circumstances of this case.

**IT IS, THEREFORE, ORDERED** that the Joint Motion Requesting Scheduling Order [Doc. #100] is hereby **GRANTED**, as follows:

1. Havard has ninety days from the entry of this Order within which to file an amended petition for writ of habeas corpus and a brief in support. The petition should add claims recently exhausted in state court and remove claims made moot by the trial court's vacating Havard's death sentence.

2. Respondents have sixty days from the filing of the petition to file an answer and a responsive brief. At that time, Respondents should file the state court record created by the successive post-conviction petitions. Any reply should be filed within thirty days of service of the answer and supporting brief.

3. Havard was granted permission to proceed *in forma pauperis* at the beginning of this case [Doc. #3], and the Court assumes, given his incarceration since that date, he is entitled to retain that status. He has asked that the attorneys appointed to represent him in his habeas case continue their representation, and the Court finds that, given the issues of this case, it is appropriate for them to remain as counsel.

4. Although this is no longer a capital case, the extensive proceedings and the complexity of the subject matter makes this case suitable for case budgeting. *See Guide to Judiciary Policy* § 230.26. For that reason, the Court directs counsel to submit a budget estimating the fees and expenses to be incurred in representing Havard in this matter. The budget must be submitted on or before October 25, 2021, and may be submitted *ex parte*. The Death Penalty Law Clerk in this Court is

available to answer questions about the budgeting procedure, and counsel are encouraged to consult Margaret Alverson, the Fifth Circuit CJA Case Budgeting Attorney, who may be reached at 504-310-7799.

**IT IS SO ORDERED**, this the 22nd day of September, 2021.

s/Keith Starrett
UNITED STATES DISTRICT JUDGE
